**Eliot M. Harris, OSB #116968**
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
eharris@williamskastner.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY**, an Ohio corporation;<br><br>     Plaintiff,<br><br>  v.<br><br>**CASHATT CONSTRUCTION, INC.**, an Oregon corporation; **KEYWAY CORP.**, an Oregon corporation; and **COMMONS AT CEDAR MILL, LLC**, an Oregon limited liability company,<br><br>     Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT<br><br>28 U.S.C. §1332 |

## I. PARTIES

1.1    Plaintiff Century Surety Company (hereinafter "Century") is an Ohio corporation with its principal place of business in Michigan.

Page 1 -    PLAINTIFF'S COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

1.2    Upon information and belief, Defendant Cashatt Construction, Inc. ("Cashatt") was an Oregon corporation, duly organized and existing under the laws of the state of Oregon, and authorized to conduct business as a specialty contractor in the State of Oregon by the Oregon Construction Contractors' Board.

1.3    Upon information and belief, Defendant Keyway Corp. (hereinafter "Keyway") is an Oregon corporation, duly authorized to conduct business as a construction contractor.

1.4    Upon information and belief, Defendant Commons at Cedar Mill, LLC ("Cedar Mill") is an Oregon Limited liability company and the owner of the land and improvements commonly known as the Commons at Timber Creek, located at 12450 NW Barnes Road, Portland, OR 97229 (hereinafter the "Project").

## II. <u>VENUE AND JURISDICTION</u>

2.1    The U.S. District Court of Oregon has jurisdiction pursuant to 28 U.S.C. §1332.  There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred, and the real property that is the subject of this action is in Multnomah County, Oregon.

Page 2 -    PLAINTIFF'S COMPLAINT FOR
             DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

### III.  FACTS

**A.**     **The Insurance Policies**

3.1     Century issued a Commercial Lines Policy No. CCP588304 to Cashatt with a policy period of March 13, 2009 to March 13, 2010 (hereinafter the "Policy"). Attached hereto as **Exhibit A** is a copy of the Policy.

3.2     The Policy contained limits of insurance of $1,000,000 per occurrence, $2,000,000 for products-completed operation aggregate, and $2,000,000 general aggregate.

3.3      The Policy contained a $2,500 deductible per claim.

3.4     The Policy contained form CG 00011207, which provided Commercial General Liability Coverage, and contained the following relevant policy language:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or

Page 3 -     PLAINTIFF'S COMPLAINT FOR
              DECLARATORY JUDGMENT

settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

(**2**) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(**3**) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

## 2. Exclusions

This insurance does not apply to:

* * *

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(**1**) That the insured would have in the absence of the contract or agreement; or

(**2**) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(**a**) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(**b**) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

### j. Damage To Property

Page 5 -    PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III — Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k.  Damage To Your Product**

Page 6 -    PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Page 7 -   PLAINTIFF'S COMPLAINT FOR
         DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

\* \* \*

## SECTION III — LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most pay for the sum of:

   a. Medical expenses under Coverage **C**;

   b. Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage **B**.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to Paragraph **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage **A**; and

   b. Medical expenses under Coverage **C** because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to Paragraph **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to

Page 8 -     PLAINTIFF'S COMPLAINT FOR
             DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**7.** Subject to Paragraph **5.** above, the Medical Expense Limit is the most we will pay under Cove rage **C** for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

\* \* \*

## SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    **a. Primary Insurance**

        This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

    **b. Excess Insurance**

        **(1)** This insurance is excess over:

            **(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

                **(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

Page 9 -    PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

**(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** — Coverage **A** — Bodily Injury And Property Damage Liability.

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

**(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(b)** The total of all deductible and self insured amounts under all that other insurance.

**(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

Page 10 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

    **c.  Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

* * *

**SECTION V — DEFINITIONS**

* * *

**8.**  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**  You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**9.**  "Insured contract" means:

    **a.**  A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    **b.**  A sidetrack agreement;

    **c.**  Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.**  An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

Page 11 -   PLAINTIFF'S COMPLAINT FOR
                DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

   **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**16.** "Products-completed operations hazard":

Page 12 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        **(a)** When all of the work called for in your contract has been completed.

        **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

* * *

**17.** "Property damage" means:

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

**21.** "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

Page 14 -  PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

CG 00011207.

    3.5     The Policy contained form CBL 1901 0408, which contained the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**CONTRACTORS AMENDATORY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

**A.** It is agreed that SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS is changed as follows:

    **1.** Item **4.** Other Insurance is deleted and entirely replaced by the following:

Page 15 -   PLAINTIFF'S COMPLAINT FOR
                  DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

**Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

    **a.** This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    **b.** When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    **c.** When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

        **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        **(2)** The total of all deductible and self insured amounts under all that other insurance.

* * *

**B.** It is agreed that the following changes are made to **SECTION V — DEFINITIONS**:

The following definitions are deleted and entirely replaced:

* * *

    **2.** Item **9.** "Insured contract" is deleted in its entirety and replaced by the following:

    "Insured contract" means:

Page 16 -  PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

**(4)** That indemnifies another for the sole negligence of such other person or organization.

**3.** Item **13.** "Occurrence" is deleted in its entirety and replaced with the following:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**5.** Item **17.** "Property Damage" is deleted in its entirety and replaced with the following.

"Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Page 18 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "your work".

CBL 1901 0408.

3.6     The Policy contained form CBL 1902 0708, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**CONTINUOUS OR PROGRESSIVE INJURY AND
DAMAGE LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

**Section I — Coverages, Coverage A Bodily Injury and Property Damage Liability**, Item **1**, **Insuring Agreement** is changed as follows:

Paragraph **b.** is deleted and entirely replaced by the following:

   **b.**  This insurance applies to "bodily injury" and "property damage" only if:

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) The "bodily injury" or "property damage":

(a) did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or

(b) was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

(c) was not caused by any construction defect or condition which resulted in "bodily injury" or "property damage" which first existed, prior to the effective date of this policy;

(4) Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

CBL 1902 0708.

3.7    The Policy contained form CBL 1903 0408, which contains the following

relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION – MOLD**

This endorsement modifies insurance provided under the following:

Page 20 -  PLAINTIFF'S COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials**

  **a.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or contributed to in any way by the existence, growth, spread, dispersal, release, or escape of any mold, fungi, lichen, virus, bacteria or other growing organism that has toxic, hazardous, noxious, pathogenic, irritating or allergen qualities or characteristics. This exclusion applies to all such claims or causes of action, including allegations that any insured caused or contributed to conditions that encouraged the growth, depositing or establishment of such colonies of mold, lichen, fungi, virus, bacteria or other living or dead organism; or

  **b.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating, pathogenic or allergen qualities or characteristics of indoor air regardless of cause; or

  **c.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any insured's use, sale, installation or removal of any substance, material, or other product that is either alleged or deemed to be hazardous, toxic, irritating, pathogenic or noxious in any way, or contributes in any way to an allergic reaction; or

  **d.** "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by toxic or hazardous properties of minerals, animal or avian wastes or feces or other substances.

CBL 1903 0408.

Page 21 -  PLAINTIFF'S COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

3.8     The Policy contained form CBL 1910 0508, which contains the following

relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION - WEATHER-RELATED WATER DAMAGE
TO WORK IN PROGRESS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made
to this policy:

The following exclusions are added to **Section I — Coverages, Coverage
A Bodily Injury And Property Damage Liability and to Coverage B
Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Weather-Related Water Damage To Work In Progress**

Claims arising out of "property damage" to any building or structure or to
any property within such building or structure before "your work" is
completed resulting from, caused by or arising out of water (for the
purposes of this exclusion, water means rain, hail, sleet or snow) entering
through an opening created during the course of "your work". However,
this exclusion does not apply if the insured:

**a.** Checked and documented weather reports on the day work was being
done to make sure that adverse weather was not predicted; and

**b.** Installed an appropriate water proof covering of any opening that is
left unfinished prior to leaving the work site. For the purposes of this
exclusion an appropriate waterproof covering is a properly installed
waterproof covering that is consistent with what is customarily used
within the industry as a best practice to avoid weather related water
damage.

CBL 1910 0508.

Page 22 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

3.9     The Policy contained form CBL 1906 0408, which contains the following relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION – PROFESSIONAL**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Professional Liability**

"Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or part but for the rendering or failure to render any of the following professional services by or for you:

**a.** The preparing, approving, or failing to prepare or approve maps, plans, drawings, opinions, reports, surveys, soil reports, change orders, designs or specifications.

**b.** Failing to adequately follow the recommendations in soil engineering reports or failing to obtain soil engineering reports.

**c.** Inspection, construction management, or engineering services.

**d.** Sale of real estate by real estate agents or brokers.

CBL 1906 0408.

3.10     The Policy contained form CGL 1816 0106, which contains the following relevant policy language:

Page 23 -    PLAINTIFF'S COMPLAINT FOR
             DECLARATORY JUDGMENT

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED - OWNERS, LESSEES OR**
**CONTRACTORS - SCHEDULED PERSON OR**
**ORGANIZATION - PRIMARY AND NON**
**CONTRIBUTORY COVERAGE**

This endorsement modifies insurance provided under the following:

CONTRACTORS LIMITED CLAIMS MADE GENERAL
LIABILITY COVERAGE FORM
CONTRACTORS LIMITED CLAIMS MADE AND REPORTED
GENERAL LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| **BLANKET AS REQUIRED BY WRITTEN CONTRACT** | **VARIOUS** |

**A. Section II — Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury', "property damage or "personal and advertising injury" caused, in whole or in part, by:

   **1.** Your acts or omissions; or

   **2.** The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury' or "property damage" occurring after:

Page 24 -   PLAINTIFF'S COMPLAINT FOR
             DECLARATORY JUDGMENT

1.  All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2.  That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C.  It is agreed that the insurance provided for the benefit of the above additional insured(s) shall be primary and non-contributory, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.  Your acts or omissions; or

2.  The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

CGL 1816 0106.

3.11    The Policy contained form CBL 1914 0408, which contains the following

relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

Page 25 -   PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

The following exclusions are added to **Section I — Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability**:

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting.

CBL 1914 0408.

    3.12    The Policy contained form CGL 1860 0408, which contains the following

relevant policy language:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**SUBCONTRACTOR MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance was issued upon the express warranty by the insured that they manage the work performed on their behalf by subcontractors by doing the following:

**1.**    Obtain certificates of insurance with limits of liability equal to or greater than those provided by this policy from all subcontractors prior to commencement of any work performed for the insured; and

**2.**    the Insured is named as additional insured on all subcontractors general liability policies; and

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**3.** the Insured confirms that the subcontractors' insurance policies are valid and have not been cancelled prior to commencement of any work by the subcontractors performed for the insured.

CGL 1860 0408.

3.13    The Policy contained form CGL 1817 1107, which contains the following relevant policy language:

**DESIGNATED CONSTRUCTION PROJECT(S)**
**GENERAL AGGREGATE LIMIT**

This endorsement modifies insurance provided under the following:

**CONTRACTORS LIMITED CLAIMS MADE AND REPORTED**
**GENERAL LIABILITY COVERAGE FORM**

**CONTRACTORS COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**

**SCHEDULE**

Designated Construction Projects:

ALL OPERATIONS OF THE NAMED INSURED.

**A.** For all sums which the insured becomes legally obligated to pay as damages caused by "occurrences" under COVERAGE A (SECTION I), which can be attributed only to ongoing operations at a single designated construction project shown in the Schedule above:

**1.** A separate Designated Construction Project General Aggregate Limit applies to each designated construction project, and that limit is equal to the amount of the General Aggregate Limit shown in the Declarations.

**2.** The Designated Construction Project General Aggregate Limit is the most we will pay for the sum of all damages under COVERAGE A, except damages because of "bodily injury" or "property damage" included in the "products completed operations hazard", regardless of the number of:

Page 27 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

    **a.** Insureds;

    **b.** Claims made or "suits" brought; or

    **c.** Persons or organizations making claims or bringing "suits".

**3.** Any payments made under COVERAGE A for damages shall reduce the Designated Construction Project General Aggregate Limit for that designated construction project. Such payments shall not reduce the General Aggregate Limit shown in the Declarations nor shall they reduce any other Designated Construction Project General Aggregate Limit for any other designated construction project shown in the Schedule above.

**4.** The limits shown in the Declarations for Each Occurrence and Damage To Premises Rented To You continue to apply. However, instead of being subject to the General Aggregate Limit shown in the Declarations, such limits will be subject to the applicable Designated Construction Project General Aggregate Limit.

**B.** For all sums which the insured becomes legally obligated to pay as damages caused by "occurrences" under COVERAGE A (SECTION I), which cannot be attributed only to ongoing operations at a single designated construction project shown in the Schedule above:

**1.** Any payments made under COVERAGE A for damages shall reduce the amount available under the General Aggregate Limit or the Products-Completed Operations Aggregate Limit, whichever is applicable; and

**2.** Such payments shall not reduce any Designated Construction Project General Aggregate Limit.

**C.** When coverage for liability arising out of the "products-completed operations hazard" is provided, any payments for damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard" will reduce the Products-Completed Operations Aggregate Limit, and not reduce the General Aggregate Limit nor the Designated Construction Project General Aggregate Limit.

**D.** If the applicable designated construction project has been abandoned, delayed, or abandoned and then restarted, or if the authorized

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

contracting parties deviate from plans, blueprints, designs, specifications or timetables, the project will still be deemed to be the same construction project.

**E.**    The provisions of Limits Of Insurance (SECTION III) not otherwise modified by this endorsement shall continue to apply as stipulated.

CGL 1817 1107.

3.14    Other language from one or more of the above policies may apply to the claims against Cashatt and Keyway as described below, and Century reserves the right to supplement and/or amend its Complaint, as permitted by law.

**B.    The Underlying Lawsuit**

3.15    Based on information and belief, the Project was originally built in approximately 1968.

3.16    Based on information and belief, the Project consists of multiple wood-framed structures, including one-, two- and three-story apartment buildings, a recreational center, a clubhouse, a leasing office, and common facilities.

3.17    Based on information and belief, Cedar Mill purchased the Project in or about 2007 for $53 million.

3.18    Based on information and belief, Cedar Mill hired Keyway as a general contractor for renovation work at the Project shortly after purchasing the Project in 2007.

3.19    Based on information and belief, Keyway hired various subcontractors, including but not limited to, the following: Cashatt; R. Kindtworth Roofing; Alltek Solutions, Inc.; Triple R Solutions, LLC; Great Northwest Gutters, LLC; SEA Corp.; and SMC Concrete, Inc. to perform work at the Project.

Page 29 -   PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

5979915.1

3.20    Based on information and belief, Keyway hired Cashatt to install and/or repair of siding and related components at the Project.

3.21    Based on information and belief, Cashatt completed a small portion of the work that it was hired by Keyway to complete.

3.22    Based on information and belief, Cashatt hired subcontractor Luis Morales d/b/a Pee Wee Contractors (hereinafter "Pee Wee") to complete the majority of the work that Cashatt was hired by Keyway to complete at the Project.

3.23    Based on information and belief, Cashatt did not enter into a written contract with Pee Wee.

3.24    Based on information and belief, the renovation work at the Project began in the fall of 2007 and ended on or about September 2010.

3.25    Based on information and belief, Cashatt's work at the Project began in April 2009 and ended in September 2010.

3.26    Based on information and belief, there were reports of water intrusion prior to Cedar Mill's purchase of the Project in or about 2007.

3.27    Based on information and belief, the Project continued to sustain continuous and repeated water intrusion into the building envelope after Cedar Mill's purchase of the Project in or about 2007.

3.28    On or about September 14, 2015, Cedar Mill filed a lawsuit against Keyway and Klindtworth in the Circuit Court of the State of Oregon in Washington County, Cause No. C154229CV (hereinafter "Underlying Complaint").  Attached hereto as **Exhibit B** is a copy of the Underlying Complaint.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

3.29    On or about October 26, 2015, Keyway filed a Third-Party Complaint against Cashatt, among other subcontractors, regarding the allegations against Keyway in the Underlying Complaint (hereinafter "Third-Party Complaint").    Attached hereto as **Exhibit C** is a copy of the Third-Party Complaint.

3.30    In the Third-Party Complaint, Keyway alleged that it contracted with Cashatt for the installation and/or repair of siding and related components on the Project.

3.31    In the Third-Party Complaint, Keyway alleged that the Underlying Complaint included allegations of property damage resulting from the improper installation of siding for which Cashatt was responsible.

3.32    In the Third-Party Complaint, Keyway asserted claims against Cashatt for breach of contract, contractual indemnity, declaratory judgment regarding duty to defend Keyway in the Underlying Lawsuit, and contribution.

3.33    On or about May 10, 2016, Cashatt filed a Fourth-Party Complaint against Pee Wee regarding the allegations in the Underlying Complaint (hereinafter "Fourth-Party Complaint").    Attached hereto as **Exhibit D** is a copy of the Fourth-Party Complaint.

3.34    In the Fourth-Party Complaint, Cashatt alleged that it subcontracted with Pee Wee to provide labor for the installation of siding at the Project.

3.35    In the Fourth-Party Complaint, Cashatt asserted claims against Pee Wee for common law indemnity, breach of contract and contribution.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

3.36    On or about September 9, 2016, Cedar Mill filed a First-Amended Complaint against Keyway (hereinafter "First Amended Complaint").  Attached hereto as **Exhibit E** is a copy of the First Amended Complaint.

3.37    On or about November 8, 2016, Cedar Mill filed a Second-Amended Complaint against Keyway (hereinafter "Second Amended Complaint"). Attached hereto as **Exhibit F** is a copy of the Second Amended Complaint.

3.38    In the Second Amended Complaint, Cedar Mill alleged that it hired Keyway to act as the general contractor for the renovation work at the Project.

3.39    In the Second Amended Complaint, Cedar Mill alleged that it discovered construction defects resulting in property damage, water leakage, water damage and hidden property damage at the Project.

3.40    In the Second Amended Complaint, Cedar Mill alleged that these conditions were the result of negligent construction defects, negligent design defects, negligent violation of applicable state and local building codes, negligent violations of relevant industry standards, failure to comply with manufacturer installation instructions, and/or negligent professional design defects.

3.41    In the Second Amended Complaint, Cedar Mill alleged that the property damage to the Project included damage to roofs and overhangs, attics, wall and cladding systems, concrete flatwork, and firewalls.

3.42    In the Second Amended Complaint, Cedar Mill alleged that it incurred loss of use, lost rental days, reduced occupancy, displacement and/or relocation of tenants, and property damage to various other components of the Project.

Page 32 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

3.43    In the Second Amended Complaint, Cedar Mill alleged that the alleged damages were the direct and proximate result of the negligence of Keyway and others, in its faulty development; inadequate design and design supervision; use of inadequate, defective, or deficient materials and/or workmanship; inadequate supervision of installation and workmanship; noncompliance with applicable state and local building codes; violation of relevant manufacturers' specifications and/or installation instructions; and violation of relevant industry standards.

3.44    In the Second Amended Complaint, Cedar Mill alleged that it had incurred damages no less than $16,000,000.

3.45    In the Second Amended Complaint, Cedar Mill seeks an award of its costs incurred in pursuing the underlying lawsuit against Keyway.

**C.**    **Century is Defending Cashatt Under A Reservation of Rights**

3.46    On or about March 14, 2016, Century sent a letter to Cashatt informing it that Century received notice of the Underlying Complaint and that Century agreed to provide a defense to Cashatt subject to a reservation of rights as to coverage for the Underlying Complaint.  Attached hereto as **Exhibit G** is a copy of Century's March 14, 2016 letter.

3.47    Century is currently defending, and have at all relevant times defended, Cashatt in the underlying lawsuit under a reservation of rights.

## IV.  FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT – DAMAGES

Page 33 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

4.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 3.47 as if fully set forth herein.

4.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway seek certain relief from Cashatt, including but not limited to, litigation costs and disbursement incurred in the lawsuit, as well as declaratory judgment and any further relief the Court deems just and equitable.

4.3    The Policy provided no coverage for any relief that does not constitute "damages" under the Policy.

4.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for relief sought by Cedar Mill and/or Keyway that does not constitute covered "damages."

4.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for relief sought by Cedar Mill and/or Keyway that does not constituted covered "damages."

4.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## V. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT – PROPERTY DAMAGE

5.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 4.6 as if fully set forth herein.

5.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway seek recovery of certain amounts from Cashatt, including but not limited

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

to, litigation costs and disbursement incurred in the lawsuit, loss of use, lost rental days, reduced occupancy, displacement and/or relocation of tenants.

5.3     The Policy provided no coverage for any monetary relief that does not constitute "property damage" under the Policy.

5.4     As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for monetary relief sought by Cedar Mill and/or Keyway that does not constitute covered "property damage."

5.5     A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for relief sought by Cedar Mill and/or Keyway that does not constitute covered "property damage."

5.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VI.  THIRD CAUSE OF ACTION:
## DECLARATORY JUDGMENT – OCCURRENCE

6.1     Century realleges each of the allegations contained in Paragraphs 1.1 through 5.6 as if fully set forth herein.

6.2     In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt engaged in certain conduct that caused alleged damages.

6.3     The Policy provided no coverage for acts or omissions by Cashatt that do not constitute an "occurrence" under the Policy.

Page 35 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

6.4     As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for acts or omissions by Cashatt that do not constitute a covered "occurrence."

6.5     A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for relief sought by Cedar Mill and/or Keyway that does not constitute a covered "occurrence."

6.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VII.  FOURTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – CONTRACTUAL LIABILITY EXCLUSION

7.1     Century realleges each of the allegations contained in Paragraphs 1.1 through 6.6 as if fully set forth herein.

7.2     In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for breach of contract, contractual indemnity and declaratory relief based on a contractual duty to defend Keyway.

7.3     The Policy excluded coverage for contractual liability of Cashatt except as provided by the Policy.

7.4     As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any claims that are excluded by the contractual liability exclusion in the Policy.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

7.5     A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any claims that are excluded by the contractual liability exclusion in the Policy.

7.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VIII.  FIFTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO PROPERTY EXCLUSION

8.1     Century realleges each of the allegations contained in Paragraphs 1.1 through 7.6 as if fully set forth herein.

8.2     In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

8.3     The Policy excludes coverage for certain property damage under the "Damage to Property" exclusion.

8.4     As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage excluded under the "Damage to Property" exclusion in the Policy.

8.5     A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Damage to Property" exclusion in the Policy.

8.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

Page 37 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

## IX.  SIXTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO YOUR PRODUCT EXCLUSION

9.1     Century realleges each of the allegations contained in Paragraphs 1.1 through 8.6 as if fully set forth herein.

9.2     In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

9.3     The Policy excluded coverage for certain property damage under the "Damage to Your Product" exclusion.

9.4     As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded under the "Damage to Your Product" exclusion in the Policy.

9.5     A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Damage to Your Product" exclusion in the Policy.

9.6     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## X.  SEVENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – DAMAGE TO YOUR WORK EXCLUSION

10.1     Century realleges each of the allegations contained in Paragraphs 1.1 through 9.6 as if fully set forth herein.

10.2     In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

Page 38 -   PLAINTIFF'S COMPLAINT FOR
              DECLARATORY JUDGMENT

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

10.3    The Policy excluded coverage for certain property damage under the "Damage to Your Work" exclusion.

10.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded under the "Damage to Your Work" exclusion in the Policy.

10.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Damage to Your Work" exclusion in the Policy.

10.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XI.  EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT – DAMAGE TO IMPAIRED PROPERTY EXCLUSION

11.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 10.6 as if fully set forth herein.

11.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

11.3    The Policy excluded coverage for certain property damage under the "Damage to Impaired Property" exclusion.

11.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded under the "Damage to Impaired Property" exclusion in the Policy.

Page 39 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

11.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Damage to Impaired Property" exclusion in the Policy.

11.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XII.  NINTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – RECALL OF PRODUCTS, WORK OR IMPAIRED PROPERTY

12.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 11.6 as if fully set forth herein.

12.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

12.3    The Policy excluded coverage for certain property damage under the "Recall of Productions, Work or Impaired Property" exclusion.

12.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded under the "Recall of Productions, Work or Impaired Property" exclusion in the Policy.

12.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Recall of Productions, Work or Impaired Property" exclusion in the Policy.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

12.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

### XIII.  TENTH CAUSE OF ACTION:
### DECLARATORY JUDGMENT – OTHER INSURANCE

13.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 12.6 as if fully set forth herein.

13.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

13.3    The Policy contained an "Other Insurance" provision that limits Century's obligations to provide coverage for covered losses.

13.4    Based on information and belief, Cashatt has other valid and collectible insurance that is available to Cashatt for the purported loss under the applicable policies.

13.5    As a result, Century is entitled to declaratory judgment that any duty to indemnify Cashatt under the Policy is limited by other valid and collectible insurance that is available to Cashatt for the purported loss.

13.6    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage based on the limitations to coverage set forth in the "Other Insurance" provision in the Policy.

13.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

Page 41 -   PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

## XIV.  ELEVENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – CONTINUOUS OR PROGRESSIVE INJURY
## AND DAMAGE LIMITATION

14.1    Century realleges each of the allegations contained in Paragraphs 1.1
through 13.7 as if fully set forth herein.

14.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill
and/or Keyway allege that Cashatt is liable for certain property damage.

14.3    The Policy contained a "Continuous or Progressive Injury and Damage
Limitation" provision that limits coverage for "property damage" as provided therein.

14.4    Century is entitled to declaratory judgment that it owes no duty to
indemnify Cashatt under the Policy for any property damage that is not covered under the
"Continuous or Progressive Injury and Damage Limitation."

14.5    A justiciable controversy exists between Century and Cashatt with respect
to their duties and obligations under the Policy to provide indemnity coverage based on
the limitations to coverage set forth in the "Continuous or Progressive Injury and Damage
Limitation" provision in the Policy.

14.6    As a result, a declaratory judgment by the Court is necessary to resolve the
controversy between the parties.

## XV.  TWELFTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – MOLD EXCLUSION

15.1    Century realleges each of the allegations contained in Paragraphs 1.1
through 14.6 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

15.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage.

15.3    The Policy excluded coverage for certain property damage under the mold exclusion contained in the Policy.

15.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded by the mold exclusion in the Policy.

15.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded by the mold exclusion in the Policy.

15.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XVI.  THIRTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – WEATHER-RELATED WATER DAMAGE TO WORK IN PROGRESS EXCLUSION

16.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 15.6 as if fully set forth herein.

16.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway that Cashatt is liable for certain property damage.

16.3    The Policy excluded coverage for property damage that falls under the "Weather Related Water Damage to Work in Progress" exclusion.

Page 43 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

16.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded by the "Weather Related Water Damage to Work in Progress" exclusion in the Policy.

16.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded by the "Weather Related Water Damage to Work in Progress" exclusion in the Policy.

16.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

**XVII.  FOURTEENTH CAUSE OF ACTION:
DECLARATORY JUDGMENT – PROFESSIONAL LIABILITY**

17.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 16.6 as if fully set forth herein.

17.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage resulting from faulty development, inadequate design supervision and inadequate supervision of installation and workmanship.

17.3    The Policy contained a "Professional Liability" exclusion that excludes coverage under the Policy for certain property damage resulting from Professional Liability as set forth in the Policy.

Page 44 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

17.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under any the Policy for any property damage that is excluded by the "Professional Liability" exclusion in the Policy.

17.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage based on the "Professional Liability" exclusion in the Policy.

17.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XVIII.  FIFTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT – ADDITIONAL INSURED COVERAGE TO KEYWAY

18.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 17.6 as if fully set forth herein.

18.2    In the Third-Party Complaint, Keyway alleges that it entered into a written contract with Cashatt and that the contract required Cashatt to name Keyway as an additional insured under Cashatt's applicable insurance policies.

18.3    Upon information or belief, no such contract between Keyway and Cashatt has been located and/or produced.

18.4    The Policy contained an "Additional Insured" provision that provides that Century will consider certain parties as an additional insured to the Policy as provided therein.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

18.5    To the extent that Keyway does not qualify as an additional insured under the Policy, Century has no obligation to provide defense or indemnity coverage for any alleged property damage against Keyway.

18.6    Even if Keyway qualifies as an additional insured under the Policy, Century has no obligation to provide indemnity coverage for any alleged property damage that is not covered pursuant to one or more of the other provisions and/or exclusions contained in the Policy as set forth herein.

18.7    As a result, Century is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Keyway for any property damage at the Project.

18.8    A justiciable controversy exists between Century and Keyway with respect to their duties and obligations under the Policy to provide defense and/or indemnity coverage based on the terms and conditions of the Policy.

18.9    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XIX.  SIXTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – LIMITS OF INSURANCE

19.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 18.9 as if fully set forth herein.

19.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage in the amount of $16,000,000.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

19.3    The Policy contained a "Limit of Insurance" provision that limited Century's obligations to provide coverage for covered losses.

19.4    As a result, Century is entitled to declaratory judgment that any duty to indemnify Cashatt under the Policy is limited by the terms and conditions of the Policy, including but not limited to the "Limit of Insurance" provision in the Policy.

19.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage based on the limitations to coverage set forth in the "Limit of Insurance" provision in the Policy.

19.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XX.  SEVENTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT – CONSTRUCTION MANAGEMENT EXCLUSION

20.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 19.6 as if fully set forth herein.

20.2    Upon information and belief, Cedar Mill and/or Keyway seeks to hold Cashatt liable for certain property damage as a result of construction management activities performed by Cashatt.

20.3    The Policy excluded coverage for certain property damage under the "Construction Management" exclusion.

20.4    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt under the Policy for any property damage that is excluded under the "Construction Management" exclusion in the Policy.

Page 47 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

20.5    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage for any property damage that is excluded under the "Construction Management" exclusion in the Policy.

20.6    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XXI.  EIGHTEENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – SUBCONTRACTOR MANAGEMENT

21.1    Century realleges each of the allegations contained in Paragraphs 1.1 through 20.6 as if fully set forth herein.

21.2    In the Second Amended Complaint and Third-Party Complaint, Cedar Mill and/or Keyway allege that Cashatt is liable for certain property damage resulting from the work of certain subcontractors.

21.3    The Policy contains a "Subcontractor Management" provision that limits Century's obligations to provide coverage for certain property damage resulting from the work of certain subcontractors.

21.4    To the extent that Cashatt did not comply with the obligations contained in the "Subcontractor Management" provision contained the Policy for any of the subcontractors that performed work at the Project, including but not limited to Pee Wee, Century has no obligation to provide indemnity coverage for any alleged losses caused by the work of such subcontractor.

Page 48 -   PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

21.5    As a result, Century is entitled to declaratory judgment that it owes no duty to indemnify Cashatt for any work by subcontractors to the extent that Cashatt did not comply with its obligations contained in the "Subcontractor Management" provision in this Policy.

21.6    A justiciable controversy exists between Century and Cashatt with respect to their duties and obligations under the Policy to provide indemnity coverage based on the limitations to coverage set forth in the "Subcontractor Management" provision in the Policy.

21.7    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## XXII.  **PRAYER FOR RELIEF**

Plaintiff Century prays for the following relief:

1.    Declaratory judgment for Century that it owes no duty to indemnify Cashatt in the Underlying Lawsuit pursuant to the Policy for any claims and/or damages not covered by the Policy;

2.    Declaratory judgment for Century that it owes no duty to defend and/or indemnify Keyway in the Underlying Lawsuit pursuant to the Policy for any claims and/or damages;

3.    An award of attorney's fees and costs as allowed by applicable law; and

4.    Such other and further relief as the Court deems just and equitable.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1

DATED this 7th day of February, 2017.

s/ Eliot M. Harris
WILLIAMS, KASTNER & GIBBS PLLC
OSB #116968
(503) 228-7967
*Attorneys for Plaintiff*

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

5979915.1